Judge Owsley
delivered the Opinion of the Court.
This was an action of trespass, brought by Frame, to recover of the Tribbles, for entering bis close, treading down his grass, beating his horses, beating his servants, and assaulting and beating him, &c.
To a replication put in by Frame, to a special plea of the Tribbles, a demurrer was filed by them, and the demurrer being joined by Frame, judgment was rendered by the court overruling the demurrer.
The Tribbles then applied to the court, and obtained leave to plead the general issue, and the cause was tried upon that issue, and verdict and judgment recovered by Frame.
To reverse that judgment, the Tribbles have prosecuted this writ of error.
The present contest grew out of the same transaction for which an action of assault and battery was brought by Samuel Tribble against Frame, and finally decided by this court in the spring term, 1824. Without giving a particular statement of the case, we would, therefore, refer to the report of that case as containing a correct history of the facts of this. From that case it will appear that the entry which Tribble made upon the land, and for which this action is brought, was made by Tribble after judgment had been rendered against Frame, .for the land, in an action of ejectment brought against him by J. Speed Smith, and after Smith,by a regular deed, had conveyed the land to Tribble.
Upon the facts of the case, the court below instructed the jury, that the defendants had no right to enter on the land whereon the trespass is alleged to have been committed, until the plaintiff had been fulfy paid and satisfied for all the improvements upon the land, according to the law concerning occupying claimants.
In the case to which we have referred, it became necessary for this court to investigate the principle involved in this instruction, and it was then decided that, upon common law principles, Tribble had a perfect right to enter upon the land, and that the *14 occupying claimant law contains no provision incompatible with the exercise of that right, feee á Litteil’s R. 187.
Idea of libcrnum tenementis, & no more to a declaration for breaking plaintiff’s «lose, and beating him, his servents and horses is ill, these allegations must be answered.
According to that case, therefore, the court erred in the instruction to the jury.
With respect to the opinion of that court in overruling the Tribbles’ demurrer to the replication of Frame, it is sufficient to remark that the plea of the Tribbles, to which that replication applies, in our opinion, contains no sufficient bar to the action. That plea purports to answer the, whole cause of action, and evidently contains nothing which in legal contemplation goes to justify the, injury alleged to have been committed upon the person of Frame and his servants, and the injury done to his personal property. The plea contains every allegation necessary to shew that, as the proprietors of the freehold, the defendants bad the right to enter upon the land; but the right of entry per se confers no authority upon the person having the right, to commit violence, in making the entry, upon the person of the possessor, or his personal estate. The demurrer was therefore correctly overruled.
The judgment must, however, for the error in the instructions to the jury be reversed, with cost, the cause remanded to the court below, and further proceedings had, not inconsistant with this opinion.